IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

FRANK EDWARD BRADFIELD,

Plaintiff,

v.

DANIEL GLIVAR,

Defendant.

No. 2:24-cv-1233-HL

**OPINION AND ORDER**

HALLMAN, United States Magistrate Judge.

Plaintiff Frank Bradfield brings this action against Defendant Daniel Glivar, alleging Defendant negligently entrusted off-road recreational vehicles to minor operators, resulting in a collision that injured Plaintiff. First Am. Compl. ¶¶ 23–30, ECF 28. Before the Court is Defendant's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment, ECF 31 ("Def. Mot."). The Court concludes that genuine disputes of material fact preclude summary judgment in favor of Defendant and therefore DENIES the motion.

## I. Background.

Defendant owns ranch property in Wallowa County, Oregon, where he and his family kept several off-road recreational vehicles, including multiple all-terrain vehicles ("ATVs"), a

side-by-side, and a small motorcycle. Glivar Depo. 6:13-7:14; 17:3-18:10; 19:11-20:23.[1] The property was used both for ranching activities and recreational riding by family members and guests. *See* Glivar Depo. 7:12-14, 39:12-14, 81:3-11; Rathbun Depo. 17:17-18:8.

During the Fourth of July holiday in 2022, Defendant's sixteen-year-old son, Griffin, invited his sixteen-year-old friends Cole Rathbun and Michael Paullin (collectively referred to as "the boys") to stay at the property. Glivar Depo. 23:8-23; Rathbun Depo. 9:9-10; Paullin Depo. 8:15-16. Defendant permitted the boys to operate certain recreational vehicles while at the ranch. Glivar Depo. 30:7-11; 39:1-14. According to Defendant, he instructed each of the boys how to operate the ATVs, explained where they could be ridden, and believed the boys only knew how to operate four-wheelers. Glivar Depo. 28:22-29:3, 39:12-14, 56:24-57:6, 81:3-11. The boys had experience riding ATVs. Griffin Depo. 10:18-21; Rathbun Depo. 14:1-21; Paullin Depo. 10:7-9.

Griffin and Paullin held Idaho driver's licenses in 2022, while Rathbun did not. Griffin Depo. 26:5–7; Paullin Depo. 12:12–17; Rathbun Depo. 23:1–2. Griffin also held a motorcycle endorsement. Griffin Depo. 19:17–22. None of the boys had obtained an Oregon ATV Safety Education Card. Rathbun Depo. 23:22-24; Griffin Depo. 65:18-66:8; Paullin Depo. 33:20-22. Oregon's licensing and training requirements vary depending on the class of vehicle and where it was operated. *See* OAR 736-004-0085(1-2).

The parties dispute the scope of Defendant's permission and supervision. Defendant contends he authorized only the operation of ATVs on the ranch property and instructed the boys

---

[1] The Parties have submitted deposition transcripts with Defendant's Motion for Summary Judgment, ECF 31-1 to 31-5, Exhibits A-E; the Declaration of Stephen D. Dilk in Support of Plaintiff's Response, ECF 34, Exhibits 18-22; and the Supplemental Declaration of Chelsea Pyasetskyy In Support of Defendant's Motion for Summary Judgment, ECF 36, Exhibits F and H. For ease of reference, this Court will refer to the deposition transcripts by name, page and line, regardless of which party submitted the transcript.

to remain on the property. In support of this contention, Defendant relies on Griffin's testimony that shortly before the accident Defendant instructed the boys to ride "around the house" and to "stick around the trails around the house." Griffin Depo. 38:25-39:15. Defendant also relies on Rathbun's testimony that Defendant instructed the boys not to speed, to maintain safe distances, and specifically directed them to remain on the property. Rathbun Depo. 17:17-18:8.

On July 1, 2022, Griffin decided to leave the property and ride to a nearby waterfall. Griffin Depo. 39:16-40:1. In doing so, he specifically disregarded his father's instructions to stay on the property. *Id*. The boys ultimately left the property using Defendant's recreational vehicles. Griffin Depo. 42:25-43:10. Griffin drove the Yamaha side-by-side, Paullin drove one ATV, and Rathbun drove the motorcycle. Griffin Depo. 23:8-13, 42:25-43:10.

Defendant testified he never gave Rathbun permission to ride the motorcycle and never knew Rathbun knew how to operate one. Glivar Depo. 28:22-29:3, 81:3-11. Rathbun testified that before the group left the property, he asked Griffin whether he could ride the dirt bike, and Griffin allowed him to do so. Rathbun Depo. 42:2-7.

While traveling on Lime Quarry Road, the motorcycle operated by Rathbun collided with Plaintiff, resulting in the injuries giving rise to this action. Rathbun Depo. 57:1-16.

Plaintiff initiated this action in Wallowa County Circuit Court. Defendant removed the action to this Court based on diversity jurisdiction. See Notice of Removal, ECF 1. Plaintiff subsequently filed an Amended Complaint alleging a single claim for negligent entrustment against Defendant. First Am. Compl., ECF 28.

Defendant moves for summary judgment on the ground that there was no negligent entrustment, Def. Mot. 6, and, in the alternative, moves for partial summary judgment on the grounds that he did not entrust the motorcycle to Rathbun, id. at 10.

## II. Legal standards.

### A. Motion for Summary Judgment.

Summary judgment is appropriate where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (2019). The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet this burden, the party asserting that a fact cannot be genuinely disputed must support that assertion with admissible evidence. FED. R. CIV. P. 56(c).

If the moving party establishes the absence of a genuine issue of material fact, the nonmoving party must go beyond the allegations in the complaint to demonstrate a genuine issue for trial. *Celotex*, 477 U.S. at 324. A party cannot defeat a summary judgment motion by relying on the allegations set forth in the complaint, unsupported conjecture, or conclusory statements. *Hernandez v. Spacelabs Med., Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Summary judgment thus should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The court views the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co*., 669 F.2d 1278, 1284 (9th Cir. 1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976).

### B. Negligent Entrustment.

To establish a negligent entrustment claim, plaintiff must prove that "'there was an entrustment and that the entrustment was negligent.'" *Piskorski v. Ron Tonkin Toyota, Inc.*, 179

Or. App. 713, 718–19 (2002) (quoting *Mathews v. Federated Serv. Ins. Co*., 122 Or. App. 124, 133 (1993). As formulated in the Second Restatement:

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

Restatement (Second) of Torts § 390.

When the plaintiff does not allege that there was a special relationship with the defendant, the plaintiff must show that (1) the entrustment was unreasonable under the circumstances, (2) it caused harm to the plaintiff, and (3) the risk of harm to the plaintiff (or the class of persons to whom he belongs) was reasonably foreseeable. *Mathews*, 122 Or. App. at 133–34. Additionally, "an allegation that a defendant knew about a dangerous condition must be accompanied by claimed facts showing defendant's knowledge of unreasonable risk of danger." *Mathews*, 122 Or. App. at 135 (internal quotation omitted).

## III. Discussion

### A. Motion for summary judgment.

Defendant moves for summary judgment, asserting that there is no genuine issue of material fact as to whether he was negligent for the reasons set forth in the complaint. Def. Mot. 6-10. Specifically, Defendant asserts (1) the ATV safety requirement only applies to public lands, and he only permitted the operation of ATVs on his property; (2) the scope of his entrustment was only to his property; (3) with one exception, he had no knowledge that the boys had left the property on prior occasions; and (4) he had no reason to know that the boys were incompetent, unfit, reckless, or inexperienced drivers. Def. Mot. 7-8.

Plaintiff responds that the record contains evidence from which a reasonable jury could conclude Defendant knew or should have known the boys lacked the training, experience, and supervision necessary to safely operate the recreational vehicles. Plaintiff points to evidence that all of the boys were sixteen years old, that none of the boys had completed Oregon's ATV safety course, and that Defendant nevertheless permitted them to operate multiple recreational vehicles on his property. Plaintiff further argues there is evidence Defendant knew or should have known the boys had previously operated the recreational vehicles beyond the boundaries of the property. Pl. Resp. at 18-30.

This Court concludes that genuine issues of material fact preclude summary judgment in favor of Defendant. Whether the boys had the training, experience and supervision necessary to ride the vehicles, particularly on public roads, and whether Defendant knew or should have known that they were not fit to ride the vehicles, are questions for the jury. The 16-year-olds had not obtained ATV Safety Cards.[2] Rathbun did not have a driver's license, had only limited prior motorcycle experience, considered himself a beginner motorcycle rider, and did not recall receiving instruction concerning operation on public roads. Rathbun Depo. 23:1-2; 26:1-5; 27:24-28:17. Defendant may not have been fully aware of the experience of each of the boys on each of the vehicles. Glivar Depo. 78:16-79:19. Viewing the evidence in the light most favorable to Plaintiff, however, a reasonable jury could conclude that Defendant failed to adequately ascertain whether the boys possessed the training and experience necessary to safely operate the particular recreational vehicles entrusted to them, particularly if they left the property and

[2] Defendant cites out-of-state precedent to argue that "the mere lack of a license is not evidence a driver is unfit or incompetent." Def. Reply. 4. Even if that were the law in Oregon, it does not mean that a reasonable juror cannot infer unfitness or incompetence based on a lack of training.

entered public roadways. *See Mut. of Enumclaw Ins. Co. v. Hambleton*, 84 Or. App. 343, 349 (1987).

There is also evidence from which a reasonable juror could infer that Defendant should have known that the boys would take the vehicles off the property. To be sure, Griffin and Rathbun testified that Defendant instructed them to stay on the property. But there is also evidence that Griffin took the side-by-side off the property on prior occasions, believed his father knew about it, believed he could take the vehicles without notification, and was never disciplined for taking it off the property. Griffin Depo. 27:2-29:15. A reasonable juror could infer that it was foreseeable that the boys would take the vehicles off the property and onto public roads given their past conduct of taking the vehicles off the property and their unsupervised access to the vehicles. *See Hambleton,* 84 Or. App. 343. The issue is whether Defendant should have foreseen that the boys would drive the vehicles off the property, not whether Defendant gave them permission to do so. And that is an issue for the jury. *See Swanson v. Knight*, 105 Or. App. 462, 465-66 (1991).

In sum, genuine issues of material fact preclude entry of summary judgment in favor of Defendant on the issue of whether his entrustment of the vehicles to the boys was negligent. Summary judgment is therefore denied.

**B. Partial Motion for summary judgment.**

In the alternative, Defendant moves for summary judgment on the grounds that he did not entrust the motorcycle to Rathbun. Def. Mot. 10-12.[3] According to Defendant, the undisputed

---

[3] Defendant argues, for the first time in reply, that there is no evidence that Rathbun himself was negligent because he was traveling at a speed less than the speed limit. Def. Reply 4-5. This Court declines to consider an argument raised for the first time in reply. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

evidence establishes that he never authorized Rathbun to operate the motorcycle and did not know Rathbun knew how to ride one. Def. Mot. 10-12. It was Griffin, not Defendant, who directly entrusted the motorcycle to Rathbun. Glivar Depo. 39:1-14; 81:3-11; Rathbun Depo. 42:1-7. Defendant further contends that Griffin's independent decision to leave the property and allow Rathbun to operate the motorcycle cannot, as a matter of law, be attributed to Defendant. Def. Reply, ECF 35, 7-10.

Plaintiff responds that Defendant improperly narrows the alleged entrustment to Rathbun's operation of the motorcycle. Plaintiff argues the summary judgment record would permit a reasonable jury to conclude Defendant entrusted possession and control of all of the recreational vehicles to Griffin and the other boys, including the authority to determine which vehicle each would operate. Plaintiff relies on evidence that Griffin gave Rathbun permission to operate the motorcycle, that Defendant left the boys with unrestricted access to the recreational vehicles. Pl. Resp. 19-23.

The Court agrees with Plaintiff that Defendant's motion frames the entrustment issue too narrowly. Oregon recognizes negligent entrustment where one supplies a dangerous instrumentality to another whom the supplier knows or should know is likely to use it in a manner involving an unreasonable risk of harm. *See Piskorski*, 179 Or. App. at 718-19; *Hambleton*, 84 Or. App. 343. Access to a vehicle is insufficient where the owner had no information from which a reasonable person could foresee that the minor would take and operate it without permission. *Roberts v. Pendleton Airmotive, Inc.*, 258 Or. 554, 557 (1971). But negligent entrustment does not require that the defendant entrust the vehicle directly to the person who is likely to use it in a manner involving an unreasonable risk of harm. *Connolly v.*

*Bressler*, 283 Or 265 (1978); Restatement (Second) of Torts § 390 (noting that chattel can be supplied directly or "through a third person.").

Correctly formulated, the fact that Defendant did not expressly give Rathbun permission does not resolve this matter. Defendant permitted Griffin to operate the motorcycle on the property. Glivar Depo. 39:1-14. As to all the vehicles, Griffin testified that the boys "had a dirt bike, two four-wheelers, and a side-by-side, and [they] just kind of decided who wanted to ride what." Griffin Depo. 38:1-24. As a result, Griffin permitted Rathbun to operate the motorcycle. Rathbun Depo. 42:1-7. Although Defendant did not directly entrust the motorcycle to Rathbun, § 390 expressly encompasses a chattel supplied "through a third person," and a subsequent transfer of a vehicle does not necessarily defeat liability where the resulting use and harm were reasonably foreseeable. *See Connolly*, 283 Or. at 268. Here, Griffin testified that he had broad access to Defendant's recreational vehicles, could take them without first notifying Defendant, had previously taken the side-by-side off the property approximately ten times, and believed Defendant knew of that conduct on one or two occasions. Griffin Depo. 27:2-29:15. Defendant also knew that the boys were using Defendant's recreational vehicles together, but he did not limit or restrict access to vehicles for which any of the boys lacked the experience or licensure necessary to operate.

Viewing that evidence in Plaintiff's favor, a reasonable jury could find that Griffin's provision of the motorcycle to Rathbun was a reasonably foreseeable consequence of Defendant's entrustment of all vehicles to Griffin. Accordingly, the absence of a direct entrustment from Defendant to Rathbun does not entitle Defendant to partial summary judgment.

## CONCLUSION

Defendant's Motion for Summary Judgment and Alternative Partial Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

DATED September 1, 2026.

ANDREW HALLMAN
United States Magistrate Judge